**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 09-cr-00313-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  RAFAEL ARMANDO ALVARADO,

    Defendant.

## PROTECTIVE ORDER

**Blackburn, J.**

The matter before me is **United States' Unopposed Motion For a Protective Order For Certain Discovery Materials** [#12] filed July 17, 2009.  Having considered the motion, I make the following findings of fact:

1.  The defendant is charged with aggravated assault resulting from an incident involving the defendant while he was an inmate at the Federal Correctional Institution in Florence, Colorado.  The incident also involved other inmates, some of whom have been charged in separate cases and some of whom have yet to be charged.

2.  The Federal Bureau of Prisons (BOP) has produced to the United States Attorney's office records, documents, and materials (hereinafter collectively referred to as "Records") that include the following: (i) floor plans and layouts of the Federal Correctional Institution; (ii) criminal histories taken from presentence reports of the defendant, his co-actors, and other inmates who may be called as witnesses at trial; and (iii) internal documents from the defendant's, victim's, and potential witnesses' BOP

files, which contain identifying information about the inmate including his security designation, disciplinary behavior, home of record, sentence computation and release information, and other sensitive information.

3. The production of the floor plans and layouts of the institution poses a potential threat to the security of the facility. The production of the presentence report criminal histories requires the divulging of court documents, and the disclosure of information from BOP internal files could affect an inmate's safety and the dissemination of some private or privileged information.

4. The government has produced other discovery to defense counsel, but requests entry of a protective order implementing the mechanism stated below prior to the release of the records detailed above.

5. Defense counsel has no objection to a protective order.

**THEREFORE, IT IS ORDERED** as follows:

1. That the government will provide defense counsel with a copy of the records on a separate compact disc. Defense counsel shall keep the records and any notes or other materials prepared based upon or referring to information in these records in confidence and shall use them exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purpose;

2. That the records may be viewed only by defense counsel, the defendant, and members of the defense team, including any defense investigators and staff, as are necessary for the purposes of preparing a defense in this particular case, and, with respect to staff personnel, the records may only be viewed by necessary staff while they

are operating under the direct supervision and control of defense counsel.  Defense counsel shall ensure that all persons in his office, who are to handle such information, read this Order and are informed of their responsibility to safeguard this information;

     3.  That defense counsel shall make only such copies as are necessary to prepare a defense of this criminal case.  Defense counsel shall keep a written record concerning how many copies were made, to whom those copies were delivered, and the dates of delivery.  Defense counsel shall also deliver a copy of this order with the materials.  No person other than defense counsel shall make any copy of these materials for any purposed whatsoever;

     4.  No copies of the records shall be provided to the defendant under any circumstances without petition to and further order of the court.  The defendant may be allowed to view the documents, but only while in the direct presence of the defense counsel;

     5.  A copy of this order shall be kept with the records at all times;

     6.  To the extent that the Privacy Act may be asserted as a basis for withholding certain documents or portions of documents requested by defendant, the United States Department of Justice and its agents or representatives are authorized to produce the requested documents because the information contained there in is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence, and the defendant's need for disclosure of such records outweighs the Privacy Act's concerns against disclosure so long as these appropriate measures are taken; and

     7.  That at the conclusion of the case in this court, by entry of the court's

judgment, counsel within ten (10) days shall collect all such copies and return them to the government.

    Dated July 17, 2009, at Denver, Colorado.

                                              BY THE COURT:

                                              */s/ Robert E. Blackburn*
                                              Robert E. Blackburn
                                              United States District Judge